Per Curiam. (Spencer, J. dissenting.)
This case comes before the court on motion, on behalf of Gilbert Shoiwell, that Isaac Clason, George Depeyster, and William A. Thompson, show cause why the said Gilbert Shotwell and Samuel Briggs, or either ef them, should not be restored to the possession of a house and *312 farm in Yonkers, in Westchester county, from which they or one 0f them was expelled on the 5th of last February.
The motion is grounded upon affidavits, and several affidavits have also been produced in opposition to the motion.
Without going into the facts at large, as detailed in the affidavits, it is sufficient to state that Briggs was ousted by order of a justice, on the complaint of George Depeyster of a forcible entry and detainer. That a certiorari issued to the justice to return the proceedings, and that he died before a return was made. It is then a matter of necessity that the court should decide the case upon affidavits; and it appears from the books that proceedings under the statutes of forcible entry and detainer, have frequently been quashed in the K. B. for irregularity, and restitution of the party aggrieved awarded, and that too upon motion and affidavits. (King v. Stacy, 1 Sid. 287. King v. Bengough, 3 Salk. 170. King v. Challenors, 1 Sid. 156. King v. Layton, 2 Salk. 450.)
The proceeding of the justice was clearly irregular and void, in permitting restitution, upon his own view, without an inquisition by jury. When the justice acts upon his own view only, he can punish the party guilty of the force, by fine and imprisonment} but he cannot meddle with the possession without the intervention of a jury. This is the plain meaning of the second and third sections of our statute on this subject, when taken and compared together; (Laws, sess. 11. c. 6. p. 102, 103.) and the English decisions on the statutes, of which ours is a copy, are expressly and decidedly to this effect. (King v. Challenors, 1 Sid. 156. 1 Vent. 308. 12 Mod. 495. Anon. 12 Mod. 516. King v. Brown.) As far as we can collect from the imperfect notes of the proceeding, as made by the justice, and from the affidavits which go to supply their deficiency, no proceeding could have been more irregular and unwarranted. There was not even a fine imposed upon the party, and which alone has been deemed a fatal omission. (King v. Elwell, Str. 794.) Nor, in fact, did there exist any thing like a forcible detainer, within the meaning of the law. The proceeding was lawless and violent. In quashing the proceeding, restitution is a matter of course. It is demanded in this case under the exercise of a sound discretion. We cannot investigate the title, upon affidavits. The only inquiry is as to the force, and the regularity and equity of the proceeding. (People v. Shaw, 1 Caines' Rep. 125. The People v. King, 2 Caines’ Rep. 98.)
*313 • Borne of the affidavits in opposition to the motion seem to conhder the ouster of Briggs and his family as done by private authority, and not by the sanction of the justice. But as the justice attended on the complaint of the party principally concerned in effecting the ouster, and considered himself as acting under the? authority of the statute, and the parties were sheltering themselves at the same time under his sanction, they cannot now be heard.to say it was an act of private trespass, aiid to be redressed by private action. The act was done under the colour of the authority of the magistrate, and the honour of the law is concerned in affording the injured party the prompt and effectual redress which the lav/ has provided for such cases, under the superintending authority of this court.
We are, therefore, of opinion that the motion be granted, and a writ of re-restitution awarded.